UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **GARY BOUDREAUX**<br>     **LA. DOC #101068**<br>**VS.** | **CIVIL ACTION NO. 6:15-cv-1870**<br><br>**SECTION P**<br><br>**JUDGE RICHARD T. HAIK, SR.** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Gary Boudreaux, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on June 11, 2015. Petitioner attacks his 1983 conviction for second degree murder and the life sentence imposed thereon by the Fifteenth Judicial District Court, Vermilion Parish. This matter has been referred to the undersigned for review, report, and recommendation pursuant to the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed successive and that it be **DISMISSED WITH PREJUDICE** for want of jurisdiction.

*Statement of the Case*

Petitioner attacks his 1983 second degree murder conviction on the grounds that he received ineffective assistance of appellate counsel. [Doc. 1-2, p. 6] He has provided a detailed chronology of his prior unsuccessful collateral attacks on the 1983 conviction. [See Doc. 1-2, pp. 2-6] By his estimation, which appears to be accurate, he has filed seven applications for post-conviction relief in the Fifteenth Judicial District Court, the Third Circuit Court of Appeal and the Louisiana Supreme Court.  Counting this civil action, petitioner has, by his own admission,

filed four petitions for *habeas corpus* pursuant to 28 U.S.C. §2254, and three applications with the Fifth Circuit Court of Appeals. *See Gary Boudreaux v. Warden*, No. 6:93-cv-0479, Doc. 1 (petition filed March 22, 1993), Doc. 17 (report and recommendation, July 12, 1994), Doc. 18 (judgment of dismissal, August 5, 1994), Doc. 24 (denial of Certificate of Probable Cause, October 11, 1995), Doc. 25 (judgment of the Fifth Circuit Court of Appeals dismissing appeal for want of prosecution, January 4, 1996; *Gary Boudreaux v. Warden*, No. 6:02-cv-2240, Doc. 1 (petition filed October 22, 2002); Doc. 5 and 6 (recommendation that petition be deemed second/successive and transferred to the Fifth Circuit Court of Appeals, January 17, 2003); Doc. 7 (order transferring petition to the Fifth Circuit Court of Appeals, January 24, 2003); *In re: Boudreaux*, No. 03-30089, order of the Fifth Circuit denying authorization to file a second/successive *habeas corpus* petition; *Gary Boudreaux v. Warden Burl Cain*, No. 6:07-cv-1005 at Doc. 1 (petition filed June 11, 2007); Doc. 6 (amended petition filed July 18, 2007); Doc. 8 (report recommending dismissal as second/successive, July 31, 2007); Doc. 12 (judgment of dismissal, August 20, 2007); Doc. 21 (denial of COA, October 18, 2007); *In re: Boudreaux*, 06-30708 (denial of authorization to file successive *habeas corpus* petition, August 8, 2006); *Gary Boudreaux v. Burl Cain, Warden,* No. 07-30803 (denial of COA by Fifth Circuit Court of Appeal, April 15, 2008); and *In re: Boudreaux*, No. 14-31044 (denial by the Fifth Circuit Court of Appeal of petitioner's request for authorization to file successive *habeas corpus* petition, March 17, 2015).

As noted above, the instant petition attacks petitioner's 1983 murder Vermilion Parish murder conviction and raises a single claim of ineffective assistance of counsel.

*Law and Analysis*

As petitioner is well aware, 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  This is yet another in a long line of petitions for *habeas corpus* filed by this petitioner. It attacks the same conviction which was the subject of his previous petitions.

While "a prisoner's application is not second or successive simply because it follows an earlier federal petition..." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998), "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.; see also Crone v. Cockrell,* 324 F.3d 833.  Petitioner's ineffective assistance of counsel claim was either raised in his previous petitions or it could have been.  A previous *habeas corpus* petition was dismissed with prejudice on the merits; and petitioner thereafter sought and was denied permission from the Court of Appeals to file  successive petitions on numerous occasions. This petition is successive.

Petitioner has not yet applied for nor received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **DISMISSED** for want of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

**THUS DONE AND SIGNED** in Lafayette, Louisiana on this 30th day of September, 2015.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE